UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBIN HATFIELD,**

    **Plaintiff,**

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Case No. 2:17-cv-76
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court in Plaintiff's failure to file the required Statement of Errors and the Court's May 22, 2017, Show Cause Order. For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On January 26, 2017, the Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees, ordering the Commissioner to file and serve her Answer and a certified copy of the administrative record within sixty days and Plaintiff to file her Statement of Errors within thirty days after the Answer and transcript were filed. (ECF No. 2.) On April 3, 2017, the Commissioner filed and served a certified copy of the administrative record. (ECF Nos. 9 and 10.) Thus, Plaintiff's Statement of Errors was due on or before May 18, 2017.

Because Plaintiff failed to timely file his Statement of Errors, on May 22, 2017, the Court ordered her to show cause within fourteen days why this case should not be dismissed for failure to prosecute. (ECF No. 11.) In the Show Cause Order, the Court specifically cautioned Plaintiff

1

that "failure to comply with [the Show Cause Order] will result in dismissal of Plaintiff's claims for failure to prosecute." (*Id*.)

Thereafter, Plaintiff responded to the Show Cause Order, which the Court construed as a motion for extension of time to file her Statement of Errors. (ECF Nos. 12 and 13.) The Court granted the request for additional time, providing Plaintiff until July 7, 2017, to file the Statement of Errors. (ECF No. 13.)[1] Despite the extension of time, Plaintiff has not filed the required Statement of Errors.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

---

[1] In the same Order, the Court advised Plaintiff that, to the extent that she wished to try and obtain counsel in this case, she may contact the Columbus Bar Association Lawyer Referral Service. (*Id*.)

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the record demonstrates such delay.  After Plaintiff failed to file the Statement of Errors, the Court ordered her to show cause why this case should not be dismissed for prejudice for want of prosecution.  This Order provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied her with a reasonable period of time to comply.  When Plaintiff responded to the Show Cause Order, the Court provided Plaintiff with additional time to file the Statement of Errors.  The Court also provided Plaintiff with the contact information for the Columbus Bar Association Lawyer Referral Service in the event Plaintiff wished to try and obtain counsel.  Nevertheless, Plaintiff has continued to fail to file the Statement of Errors.  Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.  The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** under Rule 41(b).

### IV.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: July 21, 2017                                    /s/ *Elizabeth A. Preston Deavers*
                                                              ELIZABETH A. PRESTON DEAVERS
                                                              UNITED STATES MAGISTRATE JUDGE